IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JUSTIN AARON HOLT,

    Plaintiff,

v.

TILLAMOOK COUNTY JAIL,

    Defendant.

Case No. 3:23-cv-00214-YY

ORDER TO AMEND

YOU, Magistrate Judge

Plaintiff, an adult in custody at the Tillamook County Jail, brings this 42 U.S.C. § 1983 civil rights case as a self-represented litigant. For the reasons that follow, Plaintiff must file an Amended Complaint.

## BACKGROUND

Plaintiff names as the sole Defendant in this action the Tillamook County Jail (the "Jail"). Plaintiff's Complaint is a one-page document which states as follows:

    Accusation #1: Denial of mental health services, and adequate healthcare

    Accusation #2: Denial of dental care

    Accusation #3: Excessive amount of T.V.P. soy in the breakfast muffins

    Accusation #4: Automatically taking inmates books and writing jail property on them. That is theft.

Plaintiff attached to this document copies of two "Medical Request Forms." The first simply states "need to see provider," to which a jail official responded that Plaintiff needs "to be specific about why you need to see the provider so we can schedule you appropriately." The second states "I need a tooth pulled soon or im going to die, Im staring to get sick from it this is a

1 – ORDER TO AMEND

legal matter if denied do to the fact ill have blood poisoning," to which a jail official provided the following response on January 15, 2023: "we can have you see the provider here and determine if antibiotics are needed for an infection. We do not send individuals to the dentist unless it's an urgent need. You were also seen 1/5 by the provider to follow up on your medical concerns and this was not an issue at that time."

Plaintiff did not sign his Complaint and the Complaint does not allege what he seeks by way of relief from this court. Plaintiff filed separately a document which simply states: "1. Relief requested: imediet release from custody. 2. 250,000 dollors in American currency for lack of medical care as well as pain a suffering."

## LEGAL STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

I.  **Procedural Deficiencies**

As an initial matter, the Court notes that Plaintiff did not sign the Complaint.  Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a).  The Rule further provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."

Moreover, Rule 8 of the Federal Rules of Civil Procedure requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A "claim" is "the aggregate of operative facts which give rise to a right enforceable in the courts."  *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (internal quotation marks and citations omitted).  Compliance with Rule 8 requires a plaintiff to plead a short and plain statement "identifying the transaction[s] or occurrence[s] giving rise to the claim and the elements of the prima facie case" for each claim alleged.  *Id*.  Though detailed factual allegations are not required, a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Indeed, a pleading "that offers 'labels and conclusions,'" "a formulaic recitation of the elements," or "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice.  *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Plaintiff's Complaint falls short of the requirements of Rule 8.  The complaint is confusing, difficult to comprehend, and conclusory.  *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (affirming Rule 8 dismissal of complaints that were "confusing and conclusory").  It does not contain sufficient factual detail to give a defendant fair notice of

3 – ORDER TO AMEND

Plaintiff's claims against the defendant, and fails to allege the relief sought by Plaintiff. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (affirming dismissal under Rule 8 where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery").

**II.     Substantive Deficiencies**

Section 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). To state a claim under § 1983, a plaintiff must allege two elements: "(1) that a right secured by the Constitution of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Serv.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citations omitted).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To state a claim under the Eighth Amendment for inhumane or unsafe conditions of confinement, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 847 (1997).

If a plaintiff is a pretrial detainee at the time the alleged incidents occurred, however, the claims arise under the Fourteenth Amendment's Due Process Clause rather than under the Eighth Amendment's prohibition against cruel and unusual punishment. *See Bell v. Wolfish*, 441 U.S. 520, 555 (1979); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016). The elements of a pretrial detainee's Fourteenth Amendment conditions of confinement claim against

an individual defendant are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at a substantial risk of suffering serious harm; (3) the defendant did not take objectively reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Castro*, 833 F.3d at 1071; *see also Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018); *Holguin v. Madera County Jail Captain 2015*, No. 1:21-cv-01586-GSA-PC, 2022 WL 17630553, at *6 (E.D. Cal. Dec. 13, 2022).

      Here, Plaintiff does not identify whether he is a pretrial detainee or a sentenced prisoner. Under either the Eighth or Fourteenth Amendment, however Plaintiff's conclusory allegations of denial of medical and dental care do not rise to the level of constitutional violations. Likewise, Plaintiff's allegation about excessive "T.S.V. soy" in the breakfast muffins does not rise to the level of an Eighth or Fourteenth Amendment violation. *See Foster v. Runnels*, 554 F.3d 807, 813 n.2 (9th Cir. 2009) (the Eighth Amendment requires "only that prisoners receive food that is adequate to maintain health"); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (a prisoner's diet need not be "tasty or aesthetically pleasing").

      The Due Process Clause of the Fourteenth Amendment "protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Prisoners have a protected interest in their personal property, and the Due Process Clause protects prisoners from being deprived of property without due process. *Wolff v. McDonald*, 418 U.S. 539, 556 (1974); *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). The

5 – ORDER TO AMEND

procedural component of the Due Process Clause is not, however, violated by a random, unauthorized deprivation of property if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Plaintiff does not have a due process claim based on the purportedly unauthorized deprivation of personal property, whether intentional or negligent, because a meaningful state post-deprivation remedy for his loss is available. *See Osborn v. Williams*, No. CV 09-1420-PA, 2010 WL 11537608, at *1 (D. Or. Jan 12, 2010) (citing Or. Rev. Stat. § 30.260 *et seq.* to conclude that Oregon provides an adequate post-deprivation remedy in the form of the Oregon Tort Claims Act), *aff'd*, 444 Fed.App'x 153 (9th Cir. 2011); *Patton v. Thomas*, No. CV 10-1333-MO, 2011 WL 837149, at *2 (D. Or. Mar. 3, 2011) (same). As a result, Plaintiff's allegation that the Jail takes inmate books and labels them Jail property fails to state a claim of deprivation of his due process rights upon which relief may be granted.

Finally, Plaintiff names as the sole Defendant the Tillamook County Jail. In order to establish municipal liability, a plaintiff must ordinarily show that the deprivation of his rights occurred as a result of an official policy or custom or that the municipality ratified the unlawful conduct. *Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). Plaintiff makes no such allegations here. For all these reasons, Plaintiff's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

## CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff must file an Amended Complaint within 30 days curing the deficiency noted above. Plaintiff is advised that if he does not file an

Amended Complaint within the time provided, this action will be dismissed for failure to state a claim upon which relief may be granted.

DATED this  21st  day of April, 2023.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

7 – ORDER TO AMEND